**620**

William E. BROCK, Secretary of
Labor, United States Department
of Labor, et al., Plaintiffs,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, et al., Defendants.

Civ. A. Nos. 86–3859, 86–4827,
86–5007 and 86–4164.

United States District Court,
E.D. Michigan, S.D.

June 1, 1988.

Peter A. Caplan, Detroit, Mich., Janet Graner, Chicago, Ill., for plaintiffs.

M. Jay Whitman, James K. Robinson, Barbara Harvey, Detroit, Mich., Joseph Yablonski, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

SUHRHEINRICH, District Judge.

This matter is before the Court on the Secretary of Labor's petition for an order compelling compliance with the supervisory instructions of the Secretary of Labor. The International Union, United Automobile Workers of America (UAW) has filed a memorandum in opposition to the Secretary's position. Jerry Tucker, the intervenor in the underlying cases filed by the Secretary, has filed a verified memorandum in support of the Secretary's position.

The Secretary seeks an order from this Court compelling the UAW to allow the election of delegates from the Truck and Bus Unit of amalgamated Local 25. Local 25 is based in St. Louis, Missouri. If such an election is ordered, the Truck and Bus Unit delegates would then attend the Region 5 convention currently slated for August 11, 1988 in Tulsa, Oklahoma to vote in the rerun election of the Regional 5 Regional Director. The Secretary seeks this order pursuant to the general jurisdictional powers retained by the Court over this matter in its March 30, 1988 Memorandum Opinion and Order 682 F.Supp. 1415. That Memorandum Opinion and Order voided the June 4, 1986 election for the Region 5 Regional Director, further ordering a new election to be held "under the supervision of the Secretary of Labor to be conducted as soon as reasonable and, so far as lawful and practicable, in conformity with the constitution and bylaws of the UAW."

The Secretary contends that the UAW has refused to comply with the election supervisor's instructions regarding the Truck and Bus Unit. Specifically, the supervisor has instructed the UAW that the Truck and Bus Unit should be allowed to elect delegates. However, the UAW has refused to comply with these instructions. In the briefs presently before the Court, each party claims that, were the Court to adopt the other side's position, a violation of the UAW Constitution and/or the Labor–Management Reporting and Disclosure Act (LMRDA), encoded at 29 U.S.C. secs. 401–531, would result.

As background for the present motion, the pertinent history of Local 25 shall be set forth. Local 25 is one of the oldest locals in the UAW. It is an amalgamated local composed of two units: (1) the Truck and Bus Unit, and (2) the Parts Unit. Throughout much of the local's relevant history, the Truck and Bus Unit has been by far the largest of the two units. However, in 1980 General Motors (GM) announced that its St. Louis Truck and Bus plant where the Local 25 members were employed would be closing. Although various closure dates were projected subsequent to GM's 1980 announcement, most of these dates were extended. The Truck and Bus plant finally ceased manufacturing activities during August 1987. A small maintenance force of approximately 75 people continued working at the plant until May 2, 1988.

Many of the Local 25 Truck and Bus Unit members exercised transfer rights to other GM plants, including those at Wentzville, Missouri and Fort Wayne, Indiana. However, approximately 500 members of the Truck and Bus Unit chose not to transfer. Most of these individuals are currently receiving Supplemental Unemployment Benefits (SUB). In accordance with the UAW Constitution, union dues are taken out of the SUB checks at the rate of one hour's pay per month. There are also about 2500 retired UAW members in good standing from the Truck and Bus plant. Notably, the Parts Unit is still in existence, employing 58 individuals. The Parts Unit members of Local 25 will be allowed to elect delegates to the Region 5 convention.

Prior to the Truck and Bus plant closing, problems developed between the UAW and Local 25. Although the specific nature of these problems is irrelevant to the present petition by the Secretary, the net result was that the International Executive Board (IEB) of the UAW placed Local 25 under an administratorship. The administratorship was subsequently dissolved by the UAW Public Review Board (PRB). The Secretary and intervenor Tucker hint that the UAW's decision not to allow Truck and Bus Unit members to elect delegates may be in part due to rancor between the IEB and Local 25. The Secretary and Tucker assert that not allowing the Truck and Bus Unit members who pay UAW SUB dues or those who are retired to elect delegates constitutes disenfranchisement of those members in contravention to the LMRDA.

The UAW strenuously opposes the Secretary's position. It claims that the IEB decision regarding the Truck and Bus Unit's eligibility to elect delegates was based on proper interpretations of the UAW Constitution. Although the UAW admits that a local representing a closed plant did send delegates to the 1974 UAW Convention, it is claimed that this instance was not routine, but merely one not caught by "the system."[1] It is asserted that this violation of the UAW Constitution should not be used to establish the Constitution's meaning.

On review of the briefs filed with the Court, it is apparent that interpretation of provisions of the UAW Constitution is at the heart of this matter. The Secretary seeks to have delegates elected in accordance with Article 8 of the UAW Constitution,[2] while the UAW contends that Article

---

**1.** The local referred to is Local 681, a local within UAW Region 1. This local's delegate elections were protested, but the delegates were seated anyway. No details regarding the nature of the protest made against Local 681 are available.

**2.** Article 8 specifies the number of delegates which a local or amalgamated local will be

36, section 8 prevents such an election.[3] Thus, the resolution of this issue involves construing the provisions of the UAW Constitution.

When this Court ordered the rerunning of the election for Region 5 Regional Director, its order was designed to fully comport with the language and dictates of LMRDA sec. 402(c), encoded at 29 U.S.C. sec. 482(c). That section states in pertinent part:

> If, upon an preponderance of the evidence after a trial upon the merits, the court finds—
>
> \*     \*     \*     \*     \*     \*
>
> (2) that the violation of section 481 of this title may have affected the outcome of an election,
>
> the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization.

The Secretary's role in supervising an election is described by the Sixth Circuit in *Donovan v. Westside Local 174, UAW (Westside Local 174)*, 783 F.2d 616 (6th Cir.1986). The Court of Appeals explained:

> With the original election set aside, the Secretary's role is no longer one of applying his special expertise to vindicate a statutory policy in a manner which insulates unions from frivolous suits and undue government intervention. At this point, his primary responsibility is to aid the court in fulfilling *its* obligation to ensure that the supervised election is conducted in accordance with law (emphasis in original).

783 F.2d at 621, *quoting Usery v. Local 639, United Brotherhood of Teamsters*, 543 F.2d 369, 377 (D.C.Cir.1976). Thus, in

the rerun election, the Secretary primarily serves as an aid to the Court.

The actions taken by the Secretary may be properly reviewed by the Court. In *Trbovich v. United Mine Workers*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972), the Supreme Court commented that the courts are not limited to the remedies proposed by the Secretary of Labor. 404 U.S. at 537 n. 8, 92 S.Ct. at 636 n. 8. Rather, under LMRDA sec. 402(c)(2), the courts have a duty to direct new elections in accordance with the union's constitution and bylaws. *Id.* The Court generally must heed the Secretary's decisions made in his supervisory capacity. *See Brennan v. Local 551, UAW*, 486 F.2d 6, 8 (7th Cir.1973). The Secretary argues that the Court may only interfere with the Secretary's discretion in supervising an election when the Secretary's actions are shown to be arbitrary and capricious. *See Donovan v. Local 998, Amalgamated Transit Union*, 570 F.Supp. 716 (E.D.Wis.1983). However, the Sixth Circuit found that the arbitrary and capricious standard of review did not apply to election certification in *Westside Local 174*, 783 F.2d at 625–26. The Court of Appeals held that utilizing the arbitrary and capricious standard for certification would contravene the court's function under the LMRDA of ensuring democratic elections. *Id.* As noted in *Westside Local 174*, "[T]he Secretary's expertise is in determining whether claimed union abuses affected the election but is not in evaluating whether his own misconduct affected the election. This would be to permit him too much discretion and would result in complete reliance on his 'good faith.' " *Id.* at n. 19. Accordingly, the Sixth Circuit found that "it is within the court's discretion to determine the appropriate scope of review in certification proceedings." 783 F.2d at 626.

---

allotted.

**3.** The interpretation of Article 36, section 8 made by the IEB on May 25, 1959 provides:
  **(1) Amalgamated Local Unions**
  In Amalgamated Local Unions where there are only two units and one of the workplaces

goes out of business and there are no longer any members employed in that unit, such laid off members of the abandoned unit shall be treated in the same fashion as members of a single workplace Local Union that goes out of business.

Although the present proceeding is not yet at the certification stage, the Court nevertheless finds *Westside Local 174* controlling. The Secretary has been entrusted by statute with the supervision of the rerun election, but it remains the Court's duty to ensure the election is run in accordance with the law. Additionally, the Secretary has chosen to bring his petition before the Court at the present time rather than waiting until certification, apparently for the sake of convenience. The issue could have been raised at certification had the Secretary so desired. Under these circumstances, *Westside Local 174* supplies the most appropriate standard.

The Court has ordered that the rerun election be conducted in conformity with the UAW Constitution and bylaws, as far as lawful and practicable. In reviewing the Secretary's petition, the Court finds disturbing the lack of reference to exhaustion of UAW Constitution procedures. There is no showing that the Truck and Bus Unit members have taken the steps required in the UAW Constitution to protest their alleged disenfranchisement. Although Local 25 has apparently submitted a resolution indicating their desire to elect delegates to UAW President Owen Bieber, it is not clear that the resolution is a proper grievance or appeal under the UAW Constitution. Under these circumstances, the Court must deny the Secretary's petition.

In its March 30, 1988 Memorandum Opinion, the Court stressed the judicial reluctance to interfere in the internal affairs of unions. 682 F.Supp. at 1421. However, as noted in that Memorandum Opinion, if violations of the LMRDA have occurred, the courts are mandated to interfere in union affairs. Such interference must be undertaken with due deference to internal union remedies. *Hodgson v. Local 6799, United Steelworkers*, 403 U.S. 333, 338, 91 S.Ct. 1841, 1845, 29 L.Ed.2d 510 (1971). In fact, a Title IV complaint under LMRDA sections 401–03, 29 U.S.C. sections 481–83, cannot be filed with the Secretary unless union remedies have been exhausted. Thus, were the Truck and Bus Unit SUB and retired members not allowed to elect delegates in the rerun election, they would have to exhaust union remedies prior to filing a Title IV complaint.

The Court recognizes that the positions taken by the parties on this issue may eventually necessitate another rerun election. A judicial decision on this matter at the present point would possibly obviate a second rerun election. In some sense, concepts of judicial economy would be served if the Court would act now. However, the Court is constrained from acting by the clear dictates of federal labor policy against unnecessary governmental interference in internal union affairs. Were this an ordinary election and not a rerun election supervised by the Secretary, the union members would have no choice but to utilize union remedies. The Court finds that granting the Secretary's petition as to this union constitutional matter would be contrary to its duty to direct the rerun election in conformity with the union constitution and bylaws. The Secretary's petition shall be denied.

Accordingly,

IT IS HEREBY ORDERED that the Secretary's petition for an order compelling compliance with the supervisory instructions of the Secretary of Labor is DENIED.